UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| GOLDBERG & DONOVAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, RANDY ROBERTSON ("Plaintiff"), through his attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, GOLDBERG & DONOVAN, INC., LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in Hayden, Blount County, Alabama.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in Milford, Massachusetts.

11. Defendant is a business entity engaged in the collection of debt within the State of Alabama.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff originating with Sunbelt.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In or around January, 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 205-739-xxxx in an attempt to collect a debt that does not belong to Plaintiff.

21. Defendant calls Plaintiff from 508-634-0450, which is one of Defendant's telephone numbers.

22. On or about January 24, 2017, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

23. During the aforementioned conversation, in response to Plaintiff's question as to whether or not Defendant was an attorney, Defendant's collector informed Plaintiff that Defendant's collector was an attorney.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692e of the FDCPA by using any false, deceptive, or misleading representations or means in connection with the collection of any debt, when Defendant's collector informed Plaintiff that Defendant's collector was an attorney while attempting to collect an alleged debt from Plaintiff;

    b. Defendant violated §1692e(3) of the FDCPA by falsely representing that any individual is an attorney or that any communication is from an attorney, when Defendant's collector informed Plaintiff that Defendant's collector was an attorney while attempting to collect an alleged debt from Plaintiff;

    c. Defendant violated §1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's collector informed Plaintiff that Defendant's collector was an attorney while attempting to collect an alleged debt from Plaintiff; and

    d. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt, when Defendant's collector informed Plaintiff that Defendant's collector was an attorney while attempting to collect an alleged debt from Plaintiff.

WHEREFORE, Plaintiff, RANDY ROBERTSON, respectfully requests judgment be entered against Defendant, GOLDBERG & DONOVAN, INC. for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: August 30, 2017        By: /s/M. Brandon Walker
                                          M. Brandon Walker
                                          Walker McMullan, Attorneys
                                          242 West Valley Avenue, Suite 312
                                          Birmingham, AL 35209
                                          Tel: 205-417-2541
                                          E-mail: brandon@walkermcmullan.com
                                          Attorney for Plaintiff